**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1666-16T4

ENGY ABDELKADER,

      Plaintiff-Appellant,

v.

AHMED ISLAME HOSNY,

      Defendant-Respondent.

_____

      Submitted February 26, 2018 — Decided July 26, 2018

      Before Judges Messano, O'Connor, and Vernoia.

      On appeal from Superior Court of New Jersey,
      Chancery Division, Family Part, Monmouth
      County, Docket No. FM-13-0390-11.

      Einhorn, Harris, Ascher, Barbarito & Frost,
      PC, attorneys for appellant (Matheu D. Nunn,
      of counsel and on the briefs; Bonnie C. Frost,
      on the briefs).

      Laufer, Dalena, Cadicina, Jensen & Bradley,
      LLC, attorneys for respondent (Michelle A.
      Benedek, of counsel and on the brief).

PER CURIAM

      Plaintiff Engy Abdelkader and defendant Ahmed Islame Hosny
were married in April 2009. Their son, A.H. (Alec), was born in

2010.[1]  Shortly thereafter, plaintiff left the marital home with Alec and moved in with her parents; divorce proceedings ensued.

The dual final judgment of divorce (JOD) entered on June 13, 2011, incorporated a marital settlement agreement (MSA), which provided the parties would share joint legal custody of Alec, with plaintiff being designated the parent of primary residence (PPR). Aside from largely equally shared holidays and school breaks, the MSA provided defendant with parenting time every other weekend from Friday through Sunday evening, and one additional overnight visit with Alec per month on Thursdays.  The MSA also permitted the exercise of additional parenting time by defendant in other circumstances upon notice.

The parties were required to consult with one another "on all matters of importance" concerning Alec's health, education, religious upbringing, and general welfare, and forbade either of them from making unilateral decisions on such matters except in the case of an emergency.  Lastly, the MSA did not depart from the general requirements of N.J.S.A. 9:2-2, and forbade either parent from moving with Alec outside New Jersey without advanced written consent of the other or a court order approving the relocation.

---

[1] We use initials and a pseudonym to keep the child's identity confidential.

Plaintiff continued to live with Alec and her parents but, in October 2015, having received an offer of employment at Georgetown University (GU), plaintiff filed a motion seeking to relocate with Alec to northern Virginia. Defendant opposed the request and cross-moved for a change in custody. The Family Part judge denied plaintiff's motion without prejudice and entered an order requiring the parties to participate in a custody neutral assessment by a court-appointed expert, permitting each to retain his or her own independent expert, and setting a discovery schedule in anticipation of a February 2016 plenary hearing. The judge permitted plaintiff to move with Alec to Virginia pending the hearing.

For reasons unnecessary to explain, delays ensued and the hearing did not commence until August 2016 and did not finish until September 20, 2016. The judge issued her written decision in October, concluding that pursuant to the standard for relocation motions announced in Baures v. Lewis, 167 N.J. 91 (2001), although plaintiff had a good faith reason for the move to Virginia, relocation would be inimical to Alec's interests. In her opinion and conforming order of November 16, 2016 (the November 2016 order), the judge presented plaintiff with three options: (1) return to New Jersey with Alec, in which case plaintiff would remain the PPR and there would be no "custody hearing because

there [was no] substantial change in circumstances"; (2) return to New Jersey with Alec but commute to work at GU, which would possibly require a limited custody hearing so the court might determine if "there ha[d] been a substantial change in circumstances"; or (3) remain in Virginia, but defendant would be designated PPR. The order further provided a parenting time schedule for plaintiff if she chose the third option.[2]

At a case management conference on December 19, 2016, the parties executed a consent order (the consent order), in which plaintiff memorialized her election to remain in Virginia. The balance of the consent order reflects the parties' agreement on other parenting time issues and other items affecting Alec's welfare. Plaintiff then filed this appeal.

Before us, plaintiff contended the judge failed to make sufficient findings based upon substantial credible evidence that

---

[2] On September 1, 2017, after all briefs were filed, the judge submitted a letter, ostensibly pursuant to Rule 2:5-1(b), supplementing her lengthy written opinion. Plaintiff objected and urged us not to consider the submission. We agree with plaintiff that the purpose of the Rule is permit a judge to amplify "a prior statement, opinion or memorandum made either in writing or orally and recorded." Ibid. Its intent is not to permit the judge to respond to arguments made by counsel on appeal. See also State ex rel. N.P., 453 N.J. Super. 480, 489 n.4 (App. Div. 2018) (recognizing impropriety of trial judge's opposition to motion for leave to appeal filed under the rubric of somewhat analogous Rule 2:5-6(c)).

relocation was inimical to Alec's interest and imposed a new burden upon a relocating parent to demonstrate that the child's relationship with the non-relocating parent would actually improve. Plaintiff also argued the judge prejudicially relied upon the opinion of defendant's expert rather than the neutral, court-appointed evaluator who favored plaintiff's relocation.[3]

After the appellate briefs were filed, defendant moved to supplement the record and dismiss the appeal. In particular, defendant submitted evidence that plaintiff was no longer on the

_____

[3] After the parties filed their appellate briefs, the Supreme Court issued its opinion in Bisbing v. Bisbing, 230 N.J. 309 (2017), in which the Court "depart[ed] from the two-part test that Baures prescribed for a relocation application brought by a parent of primary residence," and held

> [i]n all such disputes, the trial court should decide whether there is "cause" under N.J.S.A. 9:2-2 to authorize a child's relocation out of state by weighing the factors set forth in N.J.S.A. 9:2-4, and other relevant considerations, and determining whether the relocation is in the child's best interests.
>
> [Id. at 312-13.]

We requested the parties submit briefs addressing whether we should apply Bisbing's new standard to our consideration of the points raised on appeal. Plaintiff argued the new standard should apply; defendant urged otherwise. In particular, defendant noted that plaintiff specifically argued before the Family Part judge that the Baures standard applied. The judge obviously agreed and considered the hearing evidence in light of that standard. That alone sufficiently convinces us that we should not address whether Bisbing applies to matters tried and decided prior to the Court's decision.

faculty at GU and was listed as a member of the faculty at Rutgers University. He argued the appeal was moot.

Although plaintiff opposed the motion, she filed a certification acknowledging that she was no longer employed by GU and was searching for other employment in the Washington, D.C. area. Plaintiff acknowledged she was now living in New Jersey with her parents and teaching as an adjunct professor at Rutgers. She emphasized that because life in academia would likely require her to pursue available job offers in other states, future relocation "remain[ed] a very real issue." Plaintiff also argued the appeal was not moot because the order denying relocation effectively awarded defendant day-to-day custody of Alec. A panel of our colleagues denied defendant's motion to supplement the record and dismiss the appeal.

We face a quandary in the sense that although plaintiff's notice of appeal seeks review of both the November 2016 order and the consent order, the essence of the appeal — whether the judge erroneously denied plaintiff's relocation motion — is undoubtedly moot. Whether Alec may accompany plaintiff if she were to relocate in the future to follow her academic career is entirely speculative, and it is well recognized that appellate courts "will not render advisory opinions or function in the abstract." In re Camden County, 170 N.J. 439, 449 (2002).

A-1666-16T4

More importantly, while a consequence of the November 2016 order was that plaintiff undoubtedly faced a "Hobson's choice" and lost her status as PPR by choosing to remain in Virginia, plaintiff is no longer living outside New Jersey. Even if she were to prevail on appeal, i.e., we reverse the judge's November 2016 order, plaintiff would not have the unilateral right to relocate with Alec to another state.

In Holder v. Polanski, 111 N.J. 344, 347-48 (1988), a pre-Baures decision, the plaintiff-mother who had physical custody of the children, sought the court's approval pendente lite to relocate with them to Connecticut over the defendant-father's objection. The judge initially awarded plaintiff primary custody of the children in the final judgment of divorce but denied her request for relocation. Id. at 348. When she nonetheless moved to Connecticut, and pursuant to her motion to grant the defendant physical custody, the judge awarded the defendant "'residential custody'" of the children and "visitation rights" to the plaintiff. Id. at 348-49.

The Court concluded the trial court and Appellate Division had applied the wrong standard to consideration of the plaintiff's relocation request. Id. at 351-54. The Court determined that the plaintiff should have been permitted to relocate with the children, id. at 354, but said:

> We recognize, however, that in this as in many custody cases, we are confronted with a living record. Accordingly, a remand is necessary to reconsider the best interests of the children. In remanding, we acknowledge that [the defendant] has had "residential custody" of the children for the past two years. Although [the plaintiff] should have been permitted to move to Connecticut in 1986, the issue on remand will not be, as it was then, whether she should move to that state, but what custodial arrangement is in the best interests of the children at the present time.
>
> [Ibid.]

In this case, the same result would inure even if we were to conclude that the Family Part judge should have granted plaintiff's relocation request first made in 2015. As a result, we dismiss the appeal as moot.

Nonetheless, the whirlwind of changed circumstances that have occurred in Alec's young life since 2015 force us to conclude that a remand to the Family Part is necessary to determine what custodial arrangement is currently in Alec's best interests. See Faucett v. Vasquez, 411 N.J. Super. 108, 134 (App. Div. 2009) (holding that remand for a plenary hearing on custody was necessary based upon sufficient showing of changed circumstances solely because of impending year-long military deployment of the parent of primary residence).

Here, Alec was residing pendente lite with plaintiff in Virginia for nearly one year before the November 2016 order. He

has resided with defendant in New Jersey for eighteen months since, although plaintiff has moved back to New Jersey for a portion of that time, the consequences of which are undisclosed on this record. In short, there are sufficient changes in the circumstances of this child's life to warrant a plenary hearing at which the judge shall determine what custodial arrangement now serves Alec's best interests. N.J.S.A. 9:2-4.

The appeal is dismissed; the matter is remanded to the Family Part. Although plaintiff sought transfer of the matter to a different judge, that is unnecessary because the judge who considered the evidence and entered the November 2016 and consent order has been transferred to another division. Given the start of another school year in a few months, the remand hearing shall take place as quickly as possible.

We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION